# FRANK SMITH

*v.*

# JOHN ANDREWS *et al.*

1. PARTNERSHIP—*power of partner.* A partner cannot sell partnership property in payment of his individual debt, without the assent of his partner ; to do so is a perversion of the firm property, and operates as a fraud upon the other partner. . And for the same reason, one partner cannot mortgage the chattels of the firm to secure his individual debt, without the assent of his partner, so as to prevent the latter from having such property applied to the payment of the firm indebtedness.

2. Where a partner makes such a mortgage to secure such a debt, it does not operate as a mortgage on the interest of the maker in the property, as on its foreclosure the property would be diverted from the use of the firm, and would create a tenancy in common between his partner and the purchaser or holder under the mortgage. But it may be that if on the payment of the firm debts and a division of the assets of the firm, such property fell to the mortgagor, the mortgage would become operative and could be enforced. Such is the effect. of a sale on execution of a partner's interest in the firm property.

APPEAL from the Court of Common Pleas of the City of Aurora ; the Hon. RICHARD G. MONTONY, Judge, presiding.

The opinion states the case.

Messrs. WAGNER & CANFIELD, for the appellant.

Messrs. PARKS & ANNIS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Charles Wendling and Barnard Rholes were engaged as partners in carrying on the business of bakers in the city of Aurora. That Wendling being indebted to appellant, executed to him a chattel mortgage upon a mare and two covered peddling wagons, which were the property of

the firm. The mortgage was executed without the knowledge or consent of Rholes. Subsequently, R. A. Alexander, by John Chase, his agent, sued out a writ of attachment against the firm, for $540.20, because of the alleged fraud of the firm. Rholes turned out this, with other property of the firm, to be levied upon by the officer, who, under a special execution, sold it to pay the judgment of Alexander recovered in the attachment suit against Wendling & Rholes. Appellant, at the sale, gave notice of his mortgage, and forbid the sale. The officer, however, disregarded the notice, and sold the property.

It appears that the mortgage was executed on the 2d day of July, 1866, and the attachment was sued out on the 14th of the same month. Appellee, Andrews, was deputy sheriff, and made the levy and sale, and appellant brought this suit against him and Chase, to recover one-half the value of the property thus levied upon and sold, upon which Andrews held the mortgage. On the trial in the court below, the jury found a verdict for defendants, and plaintiff entered a motion for a new trial, which was overruled by the court, and judgment rendered upon the verdict.

It is only claimed that the mortgage covered an undivided one-half of the property described in it, although it purported to cover the title to the whole of it; and the question arises, whether any portion of the property, or any interest in it, was bound by that instrument. The doctrine is settled and fully recognized, that one partner cannot apply the property, money or funds of the firm, for the payment of his separate debt, without the consent of his co-partner. To do so is regarded a fraud upon his partner, and cannot be enforced. Nor can one partner set off his debt against one who owes the firm, and thus discharge the firm debtor from liability to the firm for its payment, without the consent of his co-partner. These rules are so plain and familiar, that they require the citation of no authority for their support.

If, then, it is a fraud upon a partner to apply firm property to pay his individual debt, without the consent of his co-partner, it must follow that to mortgage such property for the same purpose, in like manner, must be equally a fraud upon his partner. Where the law prohibits a sale for such a purpose, it must follow that it equally prohibits its being pledged or mortgaged for the security of a debt, to pay which it could not be sold. It is true, that a mortgage or pledge does not at once pass the title, but upon default it does pass title, and would be only another mode of effecting a sale. The reason of the rule prohibiting the sale, applies with equal force to the execution of such a mortgage.

Neither partner has the right to pervert partnership property from the purposes of the firm. He may use and employ it for all legitimate purposes of the firm, but may not withdraw or apply it to his individual uses. If he might sell an undivided interest in firm property to a third person, he would thereby create a tenancy in common between the purchaser and his co-partner, which would be inconsistent with the rights of the partnership to use it for the benefit of the firm. It would thereby withdraw it from the firm, and deprive the partners from using it for firm purposes, but would leave his partner and the purchaser to hold it jointly, but not as firm property. And as a forclosure of the mortgage on the interest of the partner, would result in precisely the same consequences as would a sale, such an incumbrance is as fully within the reason of the rule as such a sale, and must, for that reason, be prohibited.

On a dissolution, and payment of all the firm debts and distribution of the surplus property of such co-partnership, if such property should fall to the mortgagor as his separate property, it might be that the mortgage could be enforced. Where an execution at law against one partner is levied on his partnership interest, it is not upon his interest in particular portions of the firm property, but upon his interest in the

firm. And if sold, all the purchaser acquires is the debtor's interest, if anything, which remains after the payment of all the firm.debts, and the other partner has drawn out his share of the surplus.

Thus it will be seen, that a separate creditor of a partner cannot acquire any interest in the firm property, either by purchase from a single partner or by sale on legal process, that will deprive the other partner of his right to have the property applied to the use of the firm, nor will a sale by one partner, for his own use without the consent of the other, cut off firm creditors, or deprive them of the right to have the firm property first applied to the payment of their debts.

The judgment of the court below is affirmed.

*Judgment affirmed.*