Benjamin F. Thompson *vs.* William Spittle & another.

Two persons, jointly indebted at the time to various creditors, formed a partnership with another person, and mortgaged to one of these creditors their interest in the firm to secure his debt, which was on a promissory note. Soon afterwards, the two being bankrupt, the partnership was closed, and a receiver appointed, in whose hands, after settling the affairs of the firm, there remained a balance to their credit, derived from sales of the mortgaged property. On an issue between the assignee of their estates in bankruptcy and the mortgagee, *Held,* that this balance was payable to the mortgagee in preference to their creditors whose debts were not secured; and that the fact that, for additional security of the note, he had previously taken another mortgage from a third person who was liable thereon as surety, did not affect his right to the preference.

Bill in equity to wind up a partnership between the plaintiff and the defendants, William Spittle and John Spittle, against both of whom the bill was taken for confessed. A receiver was appointed; and also a master, to audit the accounts of the partners. By the pleadings and the reports of the receiver and mas-

* This case was decided before *Glass* v. *Hulbert, ante,* 24.

ter, it appeared that the partnership was formed under articles in writing, dated March 1, 1867, by and between William Spittle and John Spittle, as party of the first part, and the plaintiff as party of the second part, under the firm name of Spittle Brothers & Thompson, for the purpose of carrying on the business of a country variety shop; and that, of the capital, Thompson contributed two thousand dollars in money, and the two Spittles four thousand dollars in goods and shop fixtures, already in the shop, where they had been carrying on business under the firm name of W. & J. Spittle before the creation of the new firm. The interests of the three in the new firm were equal. Upon the winding up of its affairs, there remained in the hands of the receiver, after paying the debts of the firm and adjusting balances between its members, a balance in money, the shares of the two Spittles in which (after paying over to Thompson his share thereof) amounted to $752.45. They, however, were bankrupt, and an assignee of their estates in bankruptcy had been appointed. At this time, Varnum N. Taylor and James E. Taylor filed a petition, laying claim to this balance by virtue of a mortgage, executed to them by the two Spittles, " of all the right, title and interest which the said William Spittle and John Spittle have in and to the stock in trade, goods, fixtures and personal property of the firm of Spittle Brothers & Thompson, the same being situate in the village of Chicopee Falls," to secure the payment of two promissory notes of said William and John, held by the petitioners, one note for $3700 and the other for $430. The assignee of the estates of the Spittles in bankruptcy also laid claim to the balance, and contested the prayer of the petitioners.

At the hearing of the petition, before *Wells,* J., " no objection was made to the validity of the mortgage upon any ground except what appeared upon its face. The counsel for the assignee denied that it could operate to give the petitioners the legal title to any specific property which came into the hands of the receiver; or any equitable lien upon the share of said Spittles in the proceeds thereof in the hands of the receiver. The mortgage was executed October 25, 1867. The business was closed

and the receiver appointed two months afterwards. After the date of the mortgage, new goods were purchased and added to the stock, to the amount of about $3000. About the same amount was sold, a considerable portion of the sales being from the new goods; but the proportion of old and of new goods that were sold after the date of the mortgage could not be ascertained with any degree of accuracy. The whole proceeds of the sale of the property by the receiver amounted to $3900 ; collections amounted to $1950.

" It appeared that at least one third of the property sold by the receiver was owned and in possession of said firm, as part of their goods or stock in trade, at the time said mortgage was given. As the shares of the Spittles in the proceeds of one third of said sales would exceed the amount remaining in the hands of the receiver as their shares of the balance of assets of said firm, the judge ruled and held that the collections, and proceeds of partnership property upon which no incumbrance existed, were to be first applied to the payment of debts and adjustment of partnership balances ; and that the petitioners had an equitable lien upon the balance remaining in the hands of the receiver, as the proceeds of the interest of said Spittles covered by said mortgage.

" Each party contended that, by the intermingling of the goods, so that they could not be separated or identified, nor the proportion of the proceeds ascertained, the other party had lost all right to claim any part thereof. But the judge held that the rule as to loss of right by permitting goods to be intermingled did not apply.

" He ruled that the burden was upon the petitioners, to show that their mortgage covered property which came into the hands of the receiver, sufficient in amount to entitle them to the funds which they claimed.

" It appeared that the father of the Spittles was liable as surety upon the larger note described in the mortgage to the petitioners; and that he had given to the petitioners a mortgage of real estate in Connecticut, to secure the same. The mortgage upon the copartnership property was given long after the

date of the note and of the mortgage by the surety. The as signee contended that the petitioners should be compelled to resort first to their other security, before being allowed to come upon this fund, which was required for payment of the general creditors. But the judge ruled otherwise, and ordered the amount of said balance paid over to the petitioners, and reported the case for the revision of the full court; if any of said rulings or said decrees should be held to be erroneous, the decree to be modified, or such order passed for the proper disposition of the case as the foregoing statement might require."

*M. P. Knowlton,* for the assignee.

*H. Morris,* for the petitioners.

CHAPMAN, C. J. It appears that, on the 25th of October 1867, William and John Spittle, being copartners with Thompson, and each owning one third of the partnership assets, mortgaged all their right, title and interest in and to the stock in trade, fixtures and personal property of the firm to the petitioners. Within two months afterwards, the business of the firm was closed and the receiver was appointed. The property having been sold, and the debts of the firm having been paid, a question arises whether the balance shall be paid to the mortgagees in preference to the claims of the private creditors of William and John Spittle, to whom they were indebted.

It is settled that one or more members of a firm may assign their interest in the existing assets of the firm, subject to the claims of the creditors of the firm and of the other partners. *Kingman* v. *Spurr,* 7 Pick. 235. It is true that a mortgage cannot take effect upon property acquired by the mortgagor after its execution. But this principle is not important in the present case, because the avails of the property actually mortgaged were more than the balance now remaining in the hands of the receiver.

The fact that the mortgagors purchased other goods after the making of the mortgage, and brought them into the store and mingled them with the mortgaged goods, is not material. The mortgagors could not, by such an act, in any way affect the title of their mortgagees. They could not divest the title to the mortgaged property, nor could the newly purchased goods be thereby transferred to the mortgagees.

The fact that the note secured by the mortgage was also secured by the signature of a surety, and that he gave the payees a mortgage of his property as additional security, imposes no obligation on the payees of the note to resort to him. They have a right to resort to the principal debtors, and to the security obtained from them. Against the surety the unsecured creditors of William and John Spittle have no superior equity.

*Decree for the petitioners for the balance in the receiver's hands.*