JOSEPH B. PATTERSON *vs.* WILLIAM J. ATKINSON *et al.*

PROVIDENCE — MAY 22, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

A copartner may give a valid mortgage on the partnership property to secure his individual debt; but such mortgage will be subject to the prior equities of the partnership creditors, and of the other partners.

A member of a partnership executed a mortgage of certain of the partnership assets to secure his individual indebtedness, the mortgage purporting to convey the entire property therein described; subsequently he filed a bill in equity to have the mortgage so corrected that it would purport to convey only his interest in said property.

*Held*, that under the circumstances the mortgage could not be construed as a conversion of the property to his own use, whereby it became void.

The decision in *Ryder* v. *Ryder*, 19 R. I. 188, relative to the power of a court of equity to reform a mortgage deed of personal property, affirmed.

BILL IN EQUITY to reform a mortgage deed of personal property. Heard on demurrer to the bill.

TILLINGHAST, J. The object of this bill is to reform a mortgage deed of personal property. The bill sets out in substance that, by a mistake of the scrivener in drafting the mortgage deed in question, a part of the property which was mutually intended to be included therein, was omitted ; and also that the said mortgage purports to convey the entire property described therein, when it was only intended to convey the mortgagor's interest in said property; and that, in order to make said mortgage deed conform to the actual intention of the parties, and to truly represent the contract entered into between them, it is necessary that it should be reformed. The bill prays that said mortgage deed may be reformed so as to give effect to the intention of the parties thereto, and for other relief.

As to the power of a court of equity to reform such a mortgage deed of personal property, see *Ryder* v. *Ryder*, 19 R. I. 188.

The respondent Coombs demurs to the bill on the grounds: (1) That it appears therefrom that the mortgage was given

on partnership property belonging to the firm of Coombs and Atkinson, to secure the individual debt of said Atkinson, which under the law cannot be done ; and (2) That it appears from the bill that said Atkinson owned only an undivided half interest in the machinery and goods and chattels mentioned and described, and that by attempting to convey the entire property he converted the same to his own use, and hence the mortgage is null and void.

The first and principal question raised by the demurrer is whether a copartner can give a valid mortgage on partnership property to secure his individual debt. We think he can. Of course such a mortgage is subject to the prior equities of the partnership creditors, and also of the other partners. But whatever surplus remains to the credit of the partner giving the mortgage, after the affairs of the firm are settled, will belong to the mortgagee. Bates on Partnership, vol. 1, §§ 183–4 ; Jones Chat. Mort. 2 ed. § 45 ; *Thompson* v. *Spittle*, 102 Mass. 207. See also Principles of Part., by Parsons, 2 ed. § 100 et seq. In *Randall* v. *Johnson*, 13 R. I. 338, this court held that the interest of a copartner in partnership property is attachable by an individual creditor of such copartner, and also that in case of such an attachment the sheriff may seize a specific chattel and deliver it to the purchaser of the interest attached, who, subject to the partnership debts and equities, thereby becomes a tenant in common of such chattel, with the other partners. In *Trafford* v. *Hubbard*, 15 R. I. 326, the court affirmed the same doctrine. And if against the will of a copartner his interest in copartnership property may be attached by his creditor for his individual debt, we see no reason why such copartner may not voluntarily secure a creditor by mortgaging his interest in the firm property.

In speaking of the power of a copartner to sell his interest in the firm property to a third person, Mr. Bates, in his valuable work on Partnership, vol. 1, § 163, says that "Such sale . . . . is effectual to carry the right, after winding up, to such share of surplus as would otherwise have been due to the partner, in preference to other and unsecured individual

creditors." The same doctrine is recognized in *Bank* v. *Godwin*, 1 Halstead (5 N. J. Ch.) 334.

The causes cited by respondent's counsel[1] in support of the demurrer, in so far as they are opposed to the doctrine above enunciated, were decided by courts where the right to attach partnership property for the private debts of an individual partner is not recognized because of its prejudicial effect upon the rights of the other partners; and hence, being opposed to the settled law of this State, and we think also to the weight of authority elsewhere, they are not controlling.

The second question raised by the demurrer is whether by attempting to convey the entire property, as the mortgage on its face purports to do, the mortgagor converted the same to his own use, and thus rendered the mortgage null and void. It is true that assuming to one's self the property and right of disposition of another's goods is a conversion thereof. And, of course, it is clear that in a case where a person gives a mortgage on the property which does not belong to him, without the consent or knowledge of the owner, such mortgage is a nullity. But such is not the case here. The bill shows that the respondent, William J. Atkinson, at the time of the giving of the mortgage in question, was the owner of an undivided half interest in the property which he mortgaged to the complainant. And while the mortgage purports to convey the entire property described therein, yet this is alleged to have been caused by a mistake on the part of the scrivener; and the complainant is seeking by his bill to rectify this mistake. And if it turns out at the trial of the case that the mortgagor only intended to convey his undivided half interest in the partnership property, and that this was in accordance with the contract between him and the mortgagee, then the mortgage will not, in effect, be one conveying or attempting to convey property belonging to his

---

[1] *Tarbell* v. *Bradley*, 7 Abbott (N. Y.) new cases, 273; *Smith* v. *Andrews*, 49 Ill. 28; *Wagon Co.* v. *Rummell*, 2 McCreary, 387; *Nichols* v. *Stewart*, 26 Arkansas, 612; *Fox* v. *Hanbury*, Cowp. 445; *West* v. *Skip*. 1 Ves. 239.

copartner, but only his individual interest therein, and hence will not be obnoxious to the objection aforesaid. The respondent's counsel seems to take the somewhat inconsistent position that, as the mortgage purports to be a conveyance of the entire property, it is to be taken at its face value, although the bill shows that it was not so intended ; and by demurring to the bill the respondent admits that it was not so intended.

As the bill sets out what sort of a mortgage was mutually intended to be given, we have to deal with that, for the purposes of the demurrer, instead of dealing with the one which *appears* to have been given.

Demurrer overruled.

*Joseph Osfield, Stephen A. Cooke and Louis L. Angell,* for complainant.